United States District Court
Southern District of Texas
**ENTERED**
June 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTHEA SHACKELFORD, | § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-CV-01540 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| OCWEN LOAN SERVICING LLC, | | |
| Defendant. | | |

MEMORANDUM AND ORDER GRANTING
MOTION FOR JUDGMENT ON THE PLEADINGS

The motion by Defendant Ocwen Loan Servicing LLC for judgment on the pleadings is granted. Dkt 4.

1. Background

This action involves a dispute over the alleged default by Plaintiff Althea Shackelford on her mortgage loan. The complaint is not a model of clarity. Shackelford appears to take issue with the handling by Ocwen of her request for a short sale and commencement of foreclosure proceedings.

Shackelford obtained a $276,000 loan in April 2007 that she used to purchase a home in Houston, Texas. Dkt 1-1 at ¶ 4.1. Shackelford defaulted on this mortgage in December 2009. Id at ¶ 4.2; Dkt 4-1 at ¶ 7. She then inquired with her prior loan servicer about a loan modification or short sale. Id at ¶ 4.3.

The mortgage was transferred several times over the next several years, with Ocwen now the current servicer. Id at ¶ 4.4. In December 2014 Shackelford submitted an "Error Resolution Notice" to Ocwen. Id at ¶ 4.6. She asserts that she then provided Ocwen with a complete short-sale package and documentation in

March 2015 to which she received no response. Id at ¶ 4.7. She also alleges that she provided Ocwen with additional information in support of the application, including an update dated September of 2018. Id at ¶ 4.

Ocwen sent Shackelford a new default notice in July 2018. Id at ¶ 4.8; id at 70. Shackelford continued to pursue the short-sale process. She contends that she made further inquiries with Ocwen's short-sale department to finalize the request and has submitted all the required information. Id at ¶¶ 4.9, 4.10. She claims that acceleration by Ocwen is premature and that Ocwen failed to provide her with proof of the default. Id at ¶ 4.12.

Shackelford filed suit in state court against Ocwen in February 2019 for breach of contract, negligence, and violations of the Real Estate Settlement Procedures Act and the Texas Debt Collection Practices Act. Ocwen removed the action and then filed the pending motion for judgment on the pleadings. Dkt 4. Shackelford failed to respond.

### 2. Legal standard

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion seeking relief under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co v Morgan Stanley Dean Witter & Co*, 313 F3d 305, 312 (5th Cir 2002), quoting *Hebert Abstract Co Inc v Touchstone Properties Limited*, 914 F2d 74, 76 (5th Cir 1990).

A reviewing court evaluates a motion for judgment on the pleadings under Rule 12(c) using the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Gentilello v Rege*, 627 F3d 540, 543–44 (5th Cir 2010). Rule 8(a)(2) in that regard requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 556.

Pursuant to Local Rule 7.4, the Court may treat Shackelford's failure to respond as a representation of no opposition to the legal arguments and factual evidence that Ocwen submitted in support of its motion. See *Blanton-Bey v Carrell*, 2010 WL 1337740, *1 (SD Tex), citing *Eversley v MBank Dallas,* 843 F2d 172, 173–74 (5th Cir 1988).

### 3. Analysis

*As to breach of contract*. Shackelford bases her breach of contract claim on an alleged failure by Ocwen to acknowledge and respond to her request for an accounting of her loan history, as well as alleged failure to comply with certain HUD regulations.

"A claim for breach of a note and deed of trust must identify the specific provisions in the contract that was breached." *Williams v Wells Fargo Bank, NA*, 560 F App'x 233, 238 (5th Cir 2014) (unpublished) (citation omitted). A plaintiff must also "allege her own performance, because a party to a contract who is herself in default cannot maintain a suit for its breach." *Villarreal v Wells Fargo Bank, NA*, 814 F3d 763, 767 (5th Cir 2016)

3

(quotation marks and citations omitted). And in order to bring suit for violations of HUD regulations, the plaintiff must show that the regulations were incorporated into the deed of trust. *Law v Ocwen Loan Servicing, LLC,* 587 F App'x 790, 794 (5th Cir 2014) (unpublished).

The breach of contract claims fail for all of these reasons. Shackelford doesn't specify the contractual provision that Ocwen allegedly breached. She admits that she is in default. And neither the note nor deed of trust incorporated any HUD regulations.

*As to negligence.* Negligence under Texas law depends first upon a legal duty owed by the defendant to the plaintiff. *D. Houston Inc v Love*, 92 SW3d 450, 454 (Tex 2002). Texas law generally does not recognize a legal duty between a mortgagor and mortgagee. *Levels v Merlino*, 969 F Supp 2d 704, 717–18 (ND Tex 2013) (collecting cases). Where such duty does exist, it is limited to claims for breach of contract and not negligence. Id at 718, citing *Milton v US Bank National Association*, 508 Fed App'x 326, 329–30 (5th Cir 2013) (unpublished). No duty giving rise to a negligence claim exists under the circumstances in this case.

*As to violations of RESPA.* Shackelford alleges that Ocwen violated various provisions of RESPA by:

- Failing to provide her with a specific reason for its determinations "for each such trial or permanent loan modification option";
- Failing to provide her with accurate information regarding loss-mitigation options and foreclosure;
- Failing to provide a specific reason for its denial of "all loan workout alternatives"; and
- Improperly moving for foreclosure judgment prior to providing a specific reason for its denial of all "loan workout alternatives."

Dkt 1-1 at ¶ 5.7. She specifically invokes 12 USC § 2614, 12 CFR § 1024.35, 12 CFR § 1024.39, and 12 CFR § 1024.41.

As a jurisdictional statute, 12 USC § 2614 does not impose liability. The Fifth Circuit has also held that neither 12 CFR § 1024.35 nor 12 CFR § 1024.39 provide for a private right of

4

action. See *Solis v US Bank NA*, 2017 WL 4479957, *3–4 (SD Tex), *aff'd*, 726 F App'x 221 (5th Cir 2018).

Section 1024.41 establishes procedures for reviewing applications for loss-mitigation assistance and does provide a private right of action. *Solis*, 2017 WL 4479957 at *4. Shackelford alleges that Ocwen violated these procedures by failing to provide her with a specific reason for its denial of her loss-mitigation application and moving forward with foreclosure. But the requirement to provide a specific reason for denial only extends to situations where the servicer denies a "complete loss mitigation application." 12 CFR § 1024.41(d). An application is *complete* when "a servicer has received all information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 CFR § 1024.41(b)(1). Shackelford attached to her a petition a short-sale application that she purportedly submitted to Ocwen in September 2018. Dkt 1-1 at 20. That application on its face is incomplete as it required Plaintiff to submit two bank statements that are not included with the application.

A plaintiff must also allege actual damages resulting from a RESPA violation to survive a motion to dismiss under Rule 12(b)(6). See *Avila v JPMorgan Chase Bank, NA*, 2015 WL 1648940, *3 (SD Tex). The complaint alleges only that "Defendant has violated several RESPA procedures causing Plaintiff to suffer actual damages." Dkt 1-1 at ¶ 5.8. This conclusory statement fails to state a plausible claim for relief under RESPA. *Avila*, 2015 WL 1648940 at *3.

*As to violations of the DCPA*. The DCPA prohibits a variety of conduct during debt collection. See Tex Fin Code §§ 392.301–304. Plaintiff does not specify a provision under the DCPA that Ocwen violated. She instead alleges only that she was "harassed and subjected to emotional duress while [Ocwen] attempted to collect the debt." Dkt 1-1 at ¶ 5.9. This conclusory allegation is insufficient to state a plausible claim for violation of the DCPA.

5

4. Conclusion

Ocwen requested dismissal with prejudice in a notice provided of Shackelford's failure to respond to its underlying motion. Dkt 6; see also Dkt 4-5. Shackelford again filed no opposition. This warrants dismissal of the claims against Ocwen with prejudice. For example, see *Powell v Philip Morris Inc,* 2000 WL 33993308, *1 (SD Tex).

The motion by Ocwen for judgment on the pleadings is GRANTED. Dkt 4.

This action is DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on June 29, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge