**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALTHEA SHACKELFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-01540** |
| **v.** | § | |
| | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S
MOTION FOR SUMMARY JUDGMENT**

*Defendant/Counter-Plaintiff* PHH Mortgage Corporation ("***PHH***"), successor by merger to Ocwen Loan Servicing, LLC ("***Ocwen***"), by and through its undersigned counsel, hereby files this Motion for Summary Judgment as to its original counterclaim for judicial foreclosure against *plaintiff* Althea Shackelford ("***Plaintiff***"), and respectfully states as follows:

**I.      SUMMARY OF MOTION**

1.      On June 29, 2020, this Court entered its Memorandum and Order Granting Motion for Judgment on the Pleadings (Dkt 8) (the "***Memorandum and Order***") in which the Court granted Ocwen's Motion for Judgment on the Pleadings (Dkt 4) in connection with Plaintiff's claims in her Original Petition (Dkt 1-1) (the "***Complaint***").

2.      Prior to Ocwen's removal of this matter to this Court, Ocwen filed an Answer, Affirmative Defenses, and Counterclaim (the "***Counterclaim***") wherein it asserted a counterclaim for judicial foreclosure against Plaintiff.[1] That counterclaim remains pending in this Court. Shortly after the filing of the Counterclaim, on June 1, 2019, Ocwen merged with and into PHH. As the mortgage servicer for the current legal owner and holder of the Note and the

---

[1] *See* Ocwen's Original Answer, Affirmative Defenses, and Counterclaim (Dkt 1-1).

mortgagee of record, PHH has the right to enforce the Note and Deed of Trust. PHH has fully performed its obligations under the loan agreement at issue (defined below). Conversely, Plaintiff and her now-deceased spouse, Lingie Shackelford ("***Mr. Shackelford***")[2], breached the agreement by failing to substantially perform material obligations required under its terms (principally, the payment of the monthly installment payments). For these reasons, as explained more fully herein, PHH is entitled to judgment as a matter of law permitting it to foreclose on the Property.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

3.      On or about April 3, 2007, Plaintiff obtained a mortgage loan (the "***Loan***") from Taylor, Bean & Whitaker Mortgage Corp. ("***TBW***") in the original principal sum of $276,000.00, which was evidenced by a promissory note (the "***Note***") secured by a security instrument (the "***Deed of Trust***") encumbering the real property commonly known as 3241 Ozark Street, Houston, TX 77021.[3] Mr. Shackelford is not an obligor under the Note, but executed the Deed of Trust.[4]

4.      At the time this action was commenced and the Counterclaim was filed, Ocwen was the authorized servicer for the Loan.[5] However, on June 1, 2019, Ocwen merged with and into PHH.[6]

---

[2] Plaintiff and Mr. Shackelford are collectively referred to herein as "***Borrowers***."

[3] *See* **Exhibits A-3** and **A-4**, true and correct copies of the Note and Deed of Trust, respectively. The Court should take judicial notice of the Deed of Trust because it was recorded in the official public records of Harris County, Texas, under instrument No. 2007027953. *See* TEX. R. EVID. 201(b). (A judicially-noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

[4] *See* **Exhibits A-3** and **A-4**.

[5] *See* **Exhibit A**, Declaration of PHH Mortgage Corporation in Support of Motion for Summary Judgment (the "***PHH Decl.***"), attached and incorporated hereto.

[6] *See* **Exhibit A-1**, a true and correct copy of the Certificate of Merger.

**2763909.4**

5.     Following the origination of the Loan, the Deed of Trust was assigned to Mortgage Electronic Registrations Systems, Inc. ("**MERS**") as memorialized in an Assignment of Mortgage/Security Deed/Deed of Trust executed on May 8, 2007, and filed in the real property records of Harris County on April 28, 2008, at Clerk's File No. 20080210304.[7] The Deed of Trust was subsequently assigned to U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2, TBW Mortgage Pass-Through Certificates, Series 2007-2 ("**U.S. Bank**"), as memorialized by an Assignment of Lien executed on June 17, 2010, and filed in the real property records of Harris County on July 23, 2010, at Clerk's File No. 20100314327.[8]

6.     By her own admission, Plaintiff defaulted on the Loan – while she claims she defaulted in or about December of 2009, she is actually in default as of the **September 1, 2009** monthly payment.[9] As a result of Plaintiff's default on the Loan, on July 31, 2018, Ocwen, through its foreclosure counsel, Mackie Wolf Zientz & Mann, P.C. ("**Mackie Wolf**"), sent Notices of Default and Intent to Accelerate (the "**Default Notices**") to Plaintiff at her last known address, her counsel of record Ray L. Shackelford, and Lingie Shackelford notifying Plaintiff of her default on the Loan.[10] Plaintiff admits in her Complaint that she received the Default Notice.[11] Following Plaintiff's failure to cure the default referenced in the Default Notice, on September 4, 2018, Mackie Wolf sent Plaintiff a Notice of Acceleration of Loan Maturity (the "**Acceleration Notice**").[12]

---

[7] *See* **Exhibit A-5**, a true and correct copy of the assignment. The Court may take judicial notice of the assignment because it was filed in the official public records of Harris County, Texas. *See* TEX. R. EVID. 201(b).

[8] *See* **Exhibit A-6**, a true and correct copy of the assignment. The Court may take judicial notice of the assignment because it was filed in the official public records of Harris County, Texas. *See* TEX. R. EVID. 201(b).

[9] *See* Complaint, ¶ 4.2.

[10] *See* **Exhibit B**, Declaration of Mackie Wolf Zientz & Mann, P.C. in Support of Motion for Summary Judgment (the "*Mackie Wolf Decl.*"), attached and incorporated hereto, and **Exhibit B-1** attached thereto.

[11] *See* Complaint, ¶4.8. *See also* Notice of Default, attached an incorporated hereto as **Exhibit A-5**.

[12] *See* **Exhibit B-2**, a true and correct copy of the Acceleration Notice.

2763909.4

7.      On February 14, 2017, Mr. Shackelford passed away.[13] A Judgment Declaring Heirship was signed on May 16, 2018, in *In the Estate of Lingie Shackelford*, Cause No. 459780 in Probate Court No. 1, Harris County, Texas (the "***Probate Proceeding***").[14] The judgment states that 100% of the community real property goes to Plaintiff. Thus, any interest Mr. Shackelford had in the Property was inherited by Plaintiff and Plaintiff is the sole owner of the Property.[15]

8.      On February 1, 2019, Plaintiff filed her aforementioned Complaint wherein she enumerated claims for: (i) breach of contract; (ii) violations of RESPA; (iii) violations of the TDCA; and (iv) negligence. Ocwen filed the Counterclaim in state court.[16] Thereafter, on April 26, 2019, Ocwen removed Plaintiff's Complaint to this Court.

9.      On September 24, 2019, Ocwen filed its Motion for Judgment on the Pleadings (Dkt 4) against all of Plaintiff's claims. The Court granted the motion against all of Plaintiff's claims on June 29, 2020 (Dkt 8) in the Memorandum and Order.

10.      The only remaining claim in this matter is Ocwen's counterclaim for judicial foreclosure. For the reasons set forth below, Ocwen is entitled to summary judgment on its claim because it is the mortgagee of record, Borrowers have defaulted on the loan, have received notice of their default, and have not cured their default.

### III.      EVIDENCE & STANDARDS

**A.      Summary judgment evidence**

11.      In support of this motion, Ocwen relies upon and incorporates herein by reference the following evidence:

---

[13] *See* Order Granting Independent Administration, attached and incorporated hereto as **Exhibit C**.

[14] *See* Judgment Declaring Heirship, attached and incorporated hereto as **Exhibit D**.

[15] The Probate Proceeding was closed on February 7, 2019. *See* Case docket for Probate Proceeding, attached and incorporated hereto as **Exhibit E**.

[16] *See* Dkt 1-1.

Exhibit A:     Declaration of Ben Verdooren in Support of Motion for Summary Judgment

    Exhibit A-1:   Certificate of Merger

    Exhibit A-2:   Promissory Note, executed April 3, 2007

    Exhibit A-3:   Deed of Trust, executed April 3, 2007

    Exhibit A-4:   Assignment to MERS, dated May 8, 2007

    Exhibit A-5:   Assignment to U.S. Bank, dated June 17, 2010

    Exhibit A-6:   Payoff Quote

Exhibit B:     Declaration of Mackie Wolf Zientz & Mann, PC in Support of Motion for Summary Judgment

    Exhibit B-1: Notice of Default, dated July 31, 2018

    Exhibit B-2: Notice of Acceleration, dated September 4, 2018

Exhibit C:     Order Granting Independent Administration, signed May 16, 2018

Exhibit D:     Judgment Declaring Heirship, signed May 16, 2018

Exhibit E:     Case Docket for Probate Proceeding

## B.     Summary judgment standard

12.     FEDERAL RULE OF CIVIL PROCEDURE 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.[17]

13.     A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.[18]  The movant need only show the absence of evidence to support a claim on issues to which the non-movant bears the ultimate

---

[17] *See* FED. R. CIV. P. 56.
[18] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

burden of proof at trial.[19]   Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.[20]   The non-moving party must set forth specific facts showing the existence of a genuine issue for trial.[21]

## IV.   ARGUMENTS & AUTHORITIES

### A.   PHH is entitled to judicial foreclosure as a matter of law.

14.   To obtain a judgment for judicial foreclosure, there must be 1) a valid lien on real property securing a debt, and 2) an uncured default under the terms of the debt and security instrument.[22]

15.   The summary judgment evidence and record before the Court establishes the existence of a valid lien on the Property. Indeed, the evidence shows that Borrowers executed the Deed of Trust in favor of TBW on April 3, 2007.[23] In fact, Plaintiff acknowledges that she obtained the Loan and executed the Deed of Trust.[24] Moreover, the evidence reflects that U.S. Bank is the assignee of the Deed of Trust and PHH is its authorized servicing agent.[25] Plaintiff admits that Ocwen was the servicing agent for the Loan.[26] By law, PHH and Ocwen are effectively the same entity due to their merger.[27] In its capacity as the servicer of the Loan, PHH

---

[19] *Id.* at 323-24.

[20] *Id.* at 324-25.

[21] *See  Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

[22] *See Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex.App.—Dallas 2007, pet. denied) (holding that a copy of the security instrument and a sworn affidavit stating that the borrowers stopped making payments on their mortgage were sufficient to support a judgment for judicial foreclosure).

[23] *See* Exhibit A-2.

[24] *See* Complaint, ¶¶ 4.1-4.2. Notably, Plaintiff's allegations in the Complaint may be treated as admissions for purposes of this motion. *See Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 195 (5th Cir. 1988) (recognizing that factual allegations in a complaint may be treated as admissions or stipulations).

[25] *See* PHH Decl., ¶¶ 4-6, **Exhibit A-1**, **Exhibits A-5**, and **Exhibit A-6**.

[26] *See* Complaint, ¶ 4.6.

[27] *See* N.J. Stat. Ann. § 14A:10-6(a)-(d) (setting for the effect of a merger of two corporations under New Jersey law); N.J. Stat. Ann. § 14A:10-14(c)(3) (providing that merger of New Jersey corporation with any "other business entity" is treated the same as the merger of two domestic corporations where the surviving entity is a New Jersey corporation); N.J. Stat. Ann. § 14A:1-2.1(q) (defining "other business entity" to include limited liability company).

2763909.4

has the authority to foreclose.[28] Given the foregoing, there is no genuine issue of material fact as to the first element of PHH's judicial foreclosure claim.[29]

16.     The second element for PHH's Counterclaim is also met. More specifically, the evidence submitted herewith establishes that Plaintiff is in default on the Loan as of the *September 1, 2009* payment.[30] Plaintiff concedes in her Complaint that she defaulted on the Loan.[31] As a result of this default, on July 31, 2018, PHH, through Mackie Wolf, sent Plaintiff the Default Notice.[32] The Default Notice was sent to Plaintiff at the Property address, which is her last known address of record.[33] Following Plaintiff's failure to cure her default, on September 4, 2018, Mackie Wolf sent her the Acceleration Notice.[34]   By virtue of the acceleration of the Loan, the total balance of the Loan, currently in the amount of $549,599.89, is now due and owing.[35]

17.     In summary, there is no dispute that there is a valid lien on the Property evidenced by the Deed of Trust and that PHH is authorized to act as the servicer for that lien. It follows that PHH is authorized to foreclose on the Property. There is likewise no dispute that there is an uncured default on the debt secured by the Deed of Trust (i.e., the Loan). PHH is therefore entitled to summary judgment on its Counterclaim for judicial foreclosure as a matter of law, together with either: (a) an order allowing PHH or its principal, U.S. Bank, to foreclose on the

---

[28] *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.0025).

[29] While Ocwen was the original plaintiff to the Counterclaim, as noted above, it has since been merged with and into PHH and PHH is effectively the same entity as Ocwen. As a result, PHH may properly bring this motion. *See Baggiolini v. Ocwen Fin. Corp.*, 2020 WL 813044, at *2 (E.D. Tex. 2020) (permitting PHH to participate in a motion for summary judgment without being substituted into the action pursuant to FED. R. CIV. P. 25(c)). To the extent the Court deems substitution necessary, PHH requests that it be substituted as the plaintiff to the Counterclaim pursuant to FED. R. CIV. P. 25(c).

[30] *See* PHH Decl., ¶ 10.

[31] *See* Complaint, ¶ 4.2 (alleging that Plaintiff only made payments through December, 2009).

[32] *See* **Exhibit B-1**.

[33] *See* **Exhibit B-1**; PHH Decl., ¶ 12.

[34] *See* **Exhibit B-2**.

[35] *See* PHH Decl., ¶ 11 and **Exhibit A-6.**

2763909.4

Property in accordance with the Deed of Trust and Texas Property Code § 51.002; or (b) alternatively, an order providing for the sale of the Property pursuant to TEX. R. CIV. P. 309.[36]

## V.     <u>CONCLUSION</u>

For the reasons set forth herein, PHH respectfully requests that the Court grant this motion and enter judgment: (1) finding that U.S. Bank has a valid lien on the Property and that PHH is U.S. Bank's authorized servicing agent; (2) awarding PHH pre-judgment interest through the date of entry of the judgment; (3) authorizing PHH and/or U.S. Bank to foreclose on the Property pursuant to the terms of the Deed of Trust and TEX. PROP. CODE § 51.002 or, alternatively, providing for a sale of the Property pursuant to TEX. R. CIV. P. 309; (4) awarding PHH its attorney's fees and costs of suit; and (5) awarding PHH such other and further relief both at law and in equity as to which it may be justly entitled.

Respectfully submitted,

By: _/s/ Matthew A. Knox_

**MATTHEW A. KNOX**
Texas Bar No. 24071102
mknox@mcglinchey.com
**McGlinchey Stafford PLLC**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile:  (713) 520-1025

---

[36] *See* TEX. R. CIV. P. 309 provides that judgments for foreclosure "shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and [] that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment."

**BRIAN ANDREW PAINO**
Texas Bar No. 24065862
bpaino@mcglinchey.com
**McGlinchey Stafford PLLC**
18201 Von Karman Ave Ste 350
Irvine, CA 92612-1082
Telephone: (949) 381-5900
Facsimile: (949) 271-4040

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the Federal Rules of Civil Procedure.

Ray L. Shackelford
Texas Bar No. 18071500
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520-8484-Tel.
(713) 520-8192-Fax.
rshackctic@yahoo.com
**Counsel for Plaintiff**

*/s/  Matthew A. Knox*
**MATTHEW A. KNOX**