United States District Court
Southern District of Texas
**ENTERED**
July 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALTHEA SHACKELFORD | § § | CIVIL ACTION NO. 4:19-cv-01540 |
| Plaintiff, | § § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| OCWEN LOAN SERVICING LLC, | § § § | |
| Defendant. | § | |

**OPINION AND ORDER ON REMAND**

This action is remanded to state court. Supplemental jurisdiction no longer exists over the state-law counterclaim asserted by Defendant Ocwen Loan Servicing LLC.

The motion for summary judgment by Ocwen remains pending for consideration by and in the discretion of the state court. Dkt 9.

1. Background

Plaintiff Althea Shackelford brought action against Ocwen in Texas state court in February 2019. She asserted claims for breach of contract, negligence, violation of the Real Estate Settlement Procedures Act, and violation of the Texas Debt Collection Practices Act. Dkt 1-1 at 5–14. Ocwen answered, raised affirmative defenses, and brought a counterclaim for judicial foreclosure under Texas law. Id at 28–34. Specifically, its counterclaim seeks a judgment authorizing it to foreclose on the property under the terms of the deed of trust and Texas Property Code § 51.002. See Dkt 9; see also Dkt 1-1 at 28–34.

Ocwen then removed the action in April 2019 pursuant to 28 USC §§ 1331, 1441, and 1446. It argued that federal-question jurisdiction existed over the action because Shackelford raised

claims based on "violations of various federal statutes and regulations" and because a federal right was "an essential and substantial element of" her breach-of-contract claim, with the interpretation of that right being "necessary to resolve the claim." Dkt 1 at 2.

Ocwen moved for judgment on the pleadings in September 2019. Dkt 4. Shackelford never responded. The order granting that motion stated, "This action is dismissed with prejudice." Dkt 8 at 6. That was a bit hasty and overlooked Ocwen's counterclaim. Ocwen sought no clarification, but then moved for summary judgment on its counterclaim six months later.

2. Legal standard

The Fifth Circuit admonishes, "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc v Great Western Energy Corp*, 896 F2d 170, 173 (5th Cir 1990) (citations omitted).

A federal court having original jurisdiction over some claims in a particular action may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action" that "they form part of the same case or controversy." 28 USC § 1367(a). But a district court may decline the exercise of supplemental jurisdiction over a state-law claim on any of the following four bases:

- o *First,* the claim raises a novel or complex issue of state law;
- o *Second,* the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
- o *Third,* the district court has dismissed all claims over which it has original jurisdiction; or
- o *Fourth,* in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 USC § 1367(c); see *IntegraNet Physician Resource, Inc v Texas Independent Providers, LLC*, 945 F3d 232, 244 n 58 (5th Cir 2019) (citations omitted), overruled in part on other grounds by *Latiolais v Huntington Ingalls, Inc*, 951 F3d 286 (5th Cir 2020,

*en banc*). Dismissal under § 1367(c) is "discretionary—and not jurisdictional." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (West 3d ed April 2021 Update).

The assessment isn't limited to consideration of the statutory bases alone. The court must also consider certain common-law factors pertaining to judicial economy, convenience, fairness, and comity. *Enochs v Lampasas County*, 641 F3d 155, 158–59 (5th Cir 2011) (citations omitted); see also Wright & Miller, *Federal Practice and Procedure* § 3567.3. In more detail, these are:

- *First,* judicial economy based on the amount of federal judicial resources that have been devoted to the action;
- *Second,* convenience to the parties based on whether they would have to duplicate any of their previous efforts or expenses upon remand;
- *Third,* fairness to the parties based on whether any party would be prejudiced by having the case tried in federal or state court; and
- *Fourth,* comity between state and federal courts.

*Carnegie-Mellon University v Cohill*, 484 US 343, 350 n 7 (1988); *Mendoza v Murphy*, 532 F3d 342, 346 (5th Cir 2008). No single factor is dispositive, and they must be taken together on a case-by-case basis. *Mendoza*, 532 F3d at 346.

It is important overall to bear in mind that the Fifth Circuit admonishes, "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs*, 641 F3d at 161 (internal quotations omitted). And the Supreme Court has for decades cautioned federal courts to avoid "needless decisions of state law." Ibid, quoting *United Mine Workers of America v Gibbs*, 383 US 715, 726 (1966).

3. Analysis

The claims raised by Shackelford over which federal-question jurisdiction existed have all been dismissed with prejudice. Ocwen's pending motion for summary judgment necessarily requires inquiry into whether the further exercise supplemental jurisdiction over its state-law counterclaim is warranted.

3

None of the four statutory bases indicate retention of supplemental jurisdiction here. Indeed, as to § 1367(c)(2), the state-law counterclaim without question now substantially predominates, as it is the only remaining claim. And this is because, as to § 1367(c)(3), all federal claims have been dismissed. See Dkt 8. This supports remand. For example, see *Acain v International Plant Services, LLC*, 2012 WL 4845602 *2 (SD Tex) (as to both § 1367(c)(2) and (c)(3)); *Enochs*, 641 F3d at 159 (as to § 1367(c)(2)); *Heggemeier v Caldwell County*, 826 F3d 861, 872–73 (5th Cir 2016) (citations omitted) (as to § 1367(c)(3)).

None of the common-law factors warrant retention either.

*As to judicial economy,* a federal court must assess whether its resources would be wasted or saved if it maintains jurisdiction over the action. And when "the federal-law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon*, 484 US at 350, citing *Gibbs*, 383 US at 726. The Fifth Circuit defines an *early stage of litigation* based upon the amount of time elapsed in the litigation, the length of time remaining until trial, and the extent of discovery completed. *Owens v PLS Check Cashers of Texas, LP*, 2011 WL 1485678, *3 (SD Tex), citing *Parker & Parsley Petroleum Co v Dresser Industries*, 972 F2d 580, 586 (5th Cir 1992); see also *Munoz v Caliber Home Loans, Inc*, 2014 WL 12878536, *3 (WD Tex).

Judicial economy weighs heavily in favor of remand. A minimal amount of time and resources has been thus far invested in this action. No scheduling order has entered, no hearing has been held, only ten docket entries appear of record. The only event of moment was an eight-page order disposing of all federal-question claims. Dkt 8. It appears that upon remand there "would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little had been done at that point." *Oliver v Lewis*, 891 F Supp 2d 839, 849 (SD Tex 2012), citing *Enochs*, 641 F3d at 159. This early stage of litigation provides a "powerful reason to choose not to continue to exercise jurisdiction." *Gibbs*, 383 US at 726.

*As to convenience,* a federal court must consider whether the state court to which the action would be remanded is

geographically and financially inconvenient for the parties. *Acain*, 2012 WL 4845602 at \*3. It should also consider whether the parties would have to duplicate any previous efforts or expenses upon remand. *Owens,* 2011 WL 1485678 at \*4.

Nothing suggests that remand to the 127th Judicial District Court of Harris County, Texas would inconvenience either Shackelford or Ocwen. Shackelford apparently resides in Harris County, and the property on which Ocwen seeks to foreclose is also located there. Dkt 1; Dkt 1-1 at 5. And with so little forward progress in this litigation having occurred, no duplication of efforts or expense will occur. See *Owens,* 2011 WL 1485678 at \*4, citing *Parker & Parsley,* 972 F2d at 585.

*As to fairness,* a federal court must consider whether remand would foreclose any relief because state statutes of limitation would bar refiling of a dismissed claim, present a danger of duplicative or conflicting rulings, or allow parties to relitigate matters that had already been settled by the federal court. *Owens*, 2011 WL 1485678 at \*4, citing *Carnegie-Mellon*, 484 US at 252; see also *Guzzino v Felterman*, 191 F3d 588, 595 (5th Cir 1999); *Guidry v Bank of LaPlace,* 954 F2d 278, 286 (5th Cir 1992).

Nothing suggests that remand of Ocwen's state-law counterclaim would be unfair to either party. No prejudice appears in terms of a potential for precluded relief, conflicting rulings, or claim relitigation.

*As to comity,* a federal court must consider it along with the principle of judicial federalism, with attendant deference to Texas state courts to determine quintessential matters of Texas law. The Fifth Circuit explains that federal courts are ones of limited jurisdiction and often "not as well equipped for determinations of state law as are state courts." *Brewster v Nationstar Mortgage LLC*, 2013 WL 6501261, \*8 (ND Tex), quoting *Parker & Parsley*, 972 F2d at 588–89. True, any federal court is competent to interpret and apply Texas law—where necessary. But on the other hand, the supplemental jurisdiction statute itself permits a federal court to decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 USC § 1367(c)(1).

The principle of comity weighs heavily in favor remand. Ocwen's foreclosure counterclaim is indisputably based on a

5

Texas statute. Dkt 9 at 1, 8. This makes it more appropriate to state-court resolution, given that any issues that arise are likely to be issues of substantive Texas law. *Garrett v Southern Newspapers, Inc*, 2018 WL 4352914, \*3 (SD Tex), citing *Chameleon Distributors, LLC v Virtuoso Selections LLC*, 2018 WL 3342703, \*3 (SD Tex). And federal courts in Texas regularly decline to exercise supplemental jurisdiction over actions arising out of Texas foreclosure proceedings. For example, see *Munoz*, 2014 WL 12878536 at \*3; *Brewster*, 2013 WL 6501261 at \*8 (ND Tex); *Shaw v Bank of America NA*, 2014 WL 12589593, \*4 (WD Tex); *Cooper v Barrett Burke Wilson Castle Daffin & Frappier LLP*, 2008 WL 1848453, \*4 (ND Tex).

    4. Conclusion

This case is REMANDED to the 127th Judicial District Court of Harris County, Texas for further proceedings.

The Clerk is ORDERED to provide a copy of this Order to the District Clerk of Harris County, Texas.

NO ACTION is taken on the pending motion for summary judgment by Ocwen Loan Servicing, LLC. Dkt 9. It remains pending for consideration in the discretion of the state court on remand.

SO ORDERED.

Signed on July 16, 2021 at Houston, Texas.

*[signature]*

Hon. Charles Eskridge
United States District Judge